Mark J. Werksman, Esq. (State Bar No. 120767)
Karen M. Sosa, Esq. (State Bar No. 269429)
WERKSMAN JACKSON & QUINN, LLP
888 West Sixth Street, Fourth Floor
Los Angeles, California 90017
Telephone: (213) 688-0460
Facsimile: (213) 624-1942

Attorneys for Claimant
Felix Lantsman

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) Case No.: 2:21-CV-07191-RGK-MAR |
| | ) |
| | ) **CLAIMANT FELIX LANTSMAN'S** |
| Plaintiff, | ) **ANSWER TO COMPLAINT FOR** |
| | ) **FORFEITURE; DEMAND FOR** |
| vs. | ) **JURY TRIAL; NOTICE OF** |
| | ) **INTERESTED PARTIES** |
| | ) |
| $709,900.00 in U.S. Currency, | ) Judge: Hon. R. Gary Klausner |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

1

ANSWER OF FELIX LANTSMAN IN RESPONSE TO COMPLAINT FOR FORFEITURE

Claimant Felix Lantsman, ("Claimant"), reserving all constitutional rights, hereby answers the Government's verified Complaint for Forfeiture ("Complaint") in the above action as follows:

1.  In response to the allegations contained in Paragraph 1 of the Complaint, Claimant admits that this is a civil forfeiture action under 18 U.S.C. § 981(a)(1)(A), but denies the allegations against him.

2.  In response to the allegations contained in Paragraph 2 of the Complaint, Claimant does not contest this Court's jurisdiction, but denies the allegations against him.

3.  In response to the allegations contained in Paragraph 3 of the Complaint, Claimant does not contest venue, but denies the allegations against him.

4.  In response to the allegations contained in Paragraph 4 of the Complaint, Claimant admits the allegations contained therein.

5.  In response to the allegations contained in Paragraph 5 of the Complaint, Claimant admits the allegations contained therein but denies that the amount seized consisted of $709,900.00; the amount contained in Box 4502 was $790,000.00.

6.  In response to the allegations contained in Paragraph 6 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

ANSWER OF FELIX LANTSMAN IN RESPONSE TO COMPLAINT FOR FORFEITURE

7.  In response to the allegations contained in Paragraph 7 of the Complaint, Claimant admits the allegations contained therein.

8.   In response to the allegations contained in Paragraph 8 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

9.  In response to the allegations contained in Paragraph 9 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

10.  In response to the allegations contained in Paragraph 10 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

11. In response to the allegations contained in Paragraph 11 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

12. In response to the allegations contained in Paragraph 12 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and

ANSWER OF FELIX LANTSMAN IN RESPONSE TO COMPLAINT FOR FORFEITURE

ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

13. In response to the allegations contained in Paragraph 13 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

14. In response to the allegations contained in Paragraph 14 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

15.  In response to the allegations contained in Paragraph 15 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

16. In response to the allegations contained in Paragraph 16 of the Complaint, the allegations are not directed to Claimant, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

17.  In response to the allegations contained in Paragraph 17 of the Complaint, the allegations are not directed to Claimant, and Claimant lacks sufficient

ANSWER OF FELIX LANTSMAN IN RESPONSE TO COMPLAINT FOR FORFEITURE

information to form a belief as to the truth of the allegations contained therein and therefore denies.

18.   In response to the allegations contained in Paragraph 18 of the Complaint, the allegations are not directed to Claimant, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

19.   In response to the allegations contained in Paragraph 19 of the Complaint, Claimant denies.

20.   In response to the allegations contained in Paragraph 20 of the Complaint, Claimant admits that he is a named defendant in Santa Clara Superior Court case, People v. David Sutton, Brian Sutton, Vladimir Tsikman, Hershel Tsikman, Roman Kardonskiy, Jaid Gorbon, et. al., Santa Clara Superior Court Case Number C2007796. As to all other allegations in Paragraph 20, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

21.   In response to the allegations contained in Paragraph 21 of the Complaint, Claimant denies.

22.   In response to the allegations contained in Paragraph 22 of the Complaint, Claimant denies.

ANSWER OF FELIX LANTSMAN IN RESPONSE TO COMPLAINT FOR FORFEITURE

23. In response to the allegations contained in Paragraph 23 of the Complaint, Claimant denies.

24. In response to the allegations contained in Paragraph 24 of the Complaint, Claimant denies.

25.  In response to the allegations contained in Paragraph 25 of the Complaint, Claimant denies.

26. In response to the allegations contained in Paragraph 26 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

27 . Paragraph 27 of the Complaint does not require a response.

28.  In response to the allegations contained in Paragraph 28 of the Complaint, Paragraph 28 asserts legal propositions, which Claimant contests and denies.

29.  Paragraph 29 of the Complaint does not require a response.

30. In response to the allegations contained in Paragraph 30 of the Complaint, Paragraph 30 asserts legal propositions, which Claimant contests and denies.

31.  Paragraph 31 of the Complaint does not require a response.

ANSWER OF FELIX LANTSMAN IN RESPONSE TO COMPLAINT FOR FORFEITURE

32.  In response to the allegations contained in Paragraph 32 of the Complaint, Paragraph 32 asserts legal propositions, which Claimant contests and denies.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

39. As a separate and distinct affirmative defense to the Complaint, Claimant is informed and believes and on that basis states and alleges that the Complaint does not state facts sufficient to state a claim for forfeiture of the Defendant Property.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Probable Cause)

40.  As a separate and distinct affirmative defense to the Complaint, Claimant is informed and believes and on that basis states and alleges that Plaintiff lacks probable cause for seizing the Defendant Property and instituting this forfeiture Action.

## THIRD AFFIRMATIVE DEFENSE

### (Innocent Owner)

41. As a separate and distinct affirmative defense to the Complaint, Claimant is an innocent owner of the Defendant Property.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

42. As a separate and distinct affirmative defense to the Complaint, Claimant is informed and believes and on that basis states and alleges that pursuant to the Due Process Clause of the United States Constitution and Plaintiff's statutory obligation

ANSWER OF FELIX LANTSMAN IN RESPONSE TO COMPLAINT FOR FORFEITURE

to initiate this action promptly from the time of discovery of facts alleged to give rise to the Government's claim, Plaintiff is now barred from bringing this forfeiture action by its unnecessary delay.

## FIFTH AFFIRMATIVE DEFENSE

### (Due Process)

43.  As a separate and distinct affirmative defense to the Complaint, Claimant is informed and believes and on that basis states and alleges that the Government's forfeiture claim is void and unenforceable as violative of the United States Constitution in that Claimant was denied notice and opportunity to be heard prior to the seizure of the Defendant Property or the initiation of this forfeiture action in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

### (Unreasonable Search and Seizure)

44. As a separate and distinct affirmative defense to the Complaint, Claimant is informed and believes and on that basis states and alleges that the Government's forfeiture claim is void and unenforceable as violative of the United States Constitution in that Claimant's property was subject to unreasonable search and/or seizure in violation of the Fourth Amendment of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

ANSWER OF FELIX LANTSMAN IN RESPONSE TO COMPLAINT FOR FORFEITURE

45. As a separate and distinct affirmative defense to the Complaint, Claimant is informed and believes and on that basis states and alleges that the Government's forfeiture claim is barred by the doctrine of unclean hands and illegality.

## EIGHTH AFFIRMATIVE DEFENSE

(Incorporates Previous Claim)

46. As a separate and distinct affirmative defense to the Complaint, Claimant has previously filed a Claim to the Defendant Property and incorporates and asserts by reference all rights and interests as set forth in the claim.

## NINTH AFFIRMATIVE DEFENSE

(Additional Defenses)

47. As a separate and distinct affirmative defense to the Complaint, Claimant reserves the right to amend his Answer to Complaint as appropriate, including but not limited to pleading additional affirmative defenses as further facts and information is discovered by Claimant in this action.

WHEREFORE, Claimant Felix Lantsman prays for judgment as follows:

1. For the dismissal of the Complaint with prejudice and the entry of judgment in favor of Claimant;
2. That the Defendant Property seized by Plaintiff, and any fruits thereof, be ordered released and surrendered to Claimant;
3. For costs of suit and attorneys' fees as allowed by law; and
4. For such other and further relief in favor of Claimant as this Court deems proper and just.

ANSWER OF FELIX LANTSMAN IN RESPONSE TO COMPLAINT FOR FORFEITURE

1

2

3    DATED: October 13, 2021            Respectfully submitted,

4
                                        WERKSMAN JACKSON & QUINN LLP
5

6                                       _/s/ *Mark J. Werksman*____
                                        Mark J. Werksman
7                                       Karen M. Sosa
                                        Attorneys for Claimant Felix Lantsman
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF FELIX LANTSMAN IN RESPONSE TO COMPLAINT FOR FORFEITURE

**DEMAND FOR JURY TRIAL**

    Claimant Felix Lantsman hereby demands a trial by jury of the issues and defenses raised by his Claim and Answer in the above action.

DATED: October 13, 2021           Respectfully submitted,

                               WERKSMAN JACKSON & QUINN LLP

                               _/s/ *Mark J. Werksman*____
                               Mark J. Werksman
                               Karen M. Sosa
                               Attorneys for Claimant Felix Lantsman

ANSWER OF FELIX LANTSMAN IN RESPONSE TO COMPLAINT FOR FORFEITURE

**NOTICE OF INTERESTED PARTIES**

Claimant Felix Lantsman is aware of the following interested parties: Alla Lantsman and Asia Verbon.

DATED: October 13, 2021                    Respectfully submitted,

WERKSMAN JACKSON & QUINN LLP

_/s/ *Mark J. Werksman*____
Mark J. Werksman
Karen M. Sosa
Attorneys for Claimant Felix Lantsman

ANSWER OF FELIX LANTSMAN IN RESPONSE TO COMPLAINT FOR FORFEITURE